United States District Court
Southern District of Texas
**ENTERED**
March 30, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OXY USA, INC., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-01309 |
| | § | |
| BERKLEY NATIONAL INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are (1) Plaintiffs' Motion for Summary Judgment (Doc. #59), Defendant's Response (Doc. #66), and Plaintiffs' Reply (Doc. #70); and (2) Defendant's Motion to Dismiss (Doc. #62), Plaintiffs' Response (Doc. #69), and Defendant's Reply (Doc. #71). The Court heard oral arguments on the dispositive motions on August 1, 2025. Having considered the parties' arguments and the applicable legal authority, the Court denies the Motion to Dismiss and denies the Motion for Summary Judgment.

### I.   Background

This insurance coverage dispute involves the handling of settlement demands in two underlying personal-injury lawsuits. The Court recounted the factual background of this case in detail in its May 10, 2024, and March 28, 2025, Orders. Doc. #20; Doc. #52. To summarize, Defendant Berkley National Insurance Company (the "Defendant") issued a Commercial General Liability Insurance Policy with a $1 million per-occurrence limit and $2 million aggregate limit, as well as a Commercial Umbrella Liability Policy with a $20,000,000 limit of liability per occurrence and in the aggregate (collectively, the "Policies") to Lynx Pressure Solutions, LLC

("Lynx"). Doc. #55 at 6–7. The total applicable insurance carried by Lynx was $21 million for a single occurrence and $22 million for two occurrences. *Id.* at 7. The Policies provided coverage for additional insureds, including OXY USA, Inc., Occidental Permian, Ltd., Anadarko Petroleum Corporation, and Anadarko E&P Onshore LLC (collectively, "Plaintiffs"). *Id.* at 2.

In September 2021, Lynx was sued in a wrongful death case by Viktorya Lee Perez and her husband in the 125th Judicial District in Harris County (hereinafter, the "Perez Lawsuit"). *Id.* Defendant provided a defense to Lynx and other additional insureds in the Perez Lawsuit. *Id.* In February 2022, Plaintiffs were sued in a separate lawsuit by Vaughn and Lisa Milburn in the 152nd Judicial District of Harris County (the "Milburn Lawsuit"). *Id.* Defendant provided a defense to Plaintiffs in the Milburn Lawsuit. *Id.* The relevant policy limits for the two cases totaled $22 million. *Id.*

On March 8, 2024, the plaintiffs in the Perez Lawsuit made a settlement demand within policy limits in the amount of $21 million (the "Perez Demand"). Doc. #66 at 3. On March 13, 2024, Defendant notified Plaintiffs about the settlement demand in the Perez Lawsuit and that only $1 million would be available to settle the Milburn Lawsuit. Doc. #55 at 9. On March 19, 2024, the plaintiffs in the Milburn Lawsuit made a settlement demand within policy limits (the "Milburn Demand").[1] *Id.* On March 28, 2024, Defendant accepted the Perez Demand for $21 million, thereby exhausting the umbrella policy and leaving $1 million in remaining coverage to contribute to the Milburn Lawsuit. *Id.* at 12. On May 15, 2024, Plaintiffs accepted the Millburn Demand. *Id.* Defendant contributed $1 million, and Plaintiffs paid the remainder. *Id.* at 12, 13. Plaintiffs tendered payment to the Milburn plaintiffs on or about July 15, 2024. *Id.* at 13.

---

[1] The amount of the Milburn settlement has been filed under seal. *See* Doc. #54. The Court therefore refers to that amount in general terms in this Order.

On April 10, 2024, Plaintiffs sued Defendant in the 152nd Judicial District of Harris County. Doc. #1, Ex. 1 at 8. That same day, Defendant removed the case to this Court based on diversity jurisdiction. Doc. #1. Shortly after removal, Plaintiffs sought emergency injunctive relief to prevent Defendant from exhausting the limits of the Policies in connection with the Perez lawsuit. Doc. #3. On May 10, 2024, the Court denied Plaintiffs' request for a temporary restraining order and preliminary injunction because Plaintiff could not show that it would suffer irreparable injury absent an injunction. Doc. #20. Defendant then moved to dismiss Plaintiffs' Original Petition. Doc. #27. On March 28, 2025, the Court granted Defendant's Motion to Dismiss but granted Plaintiffs leave to amend. Doc. #52. On April 21, 2025, Plaintiffs filed their First Amended Complaint, the live pleading, asserting claims for (1) breach of contract; (2) breach of *Stowers* duty; and (3) violations of the Texas Insurance Code. Doc. #55 at 14–19. On April 28, 2025, Plaintiffs moved for summary judgment on their claims. Doc. #59. Defendant, in turn, moved to dismiss the First Amended Complaint on May 12, 2025. The Court will address both dispositive motions in this Order.

## II.    Legal Standards

### a.    Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint need not contain 'detailed factual allegations'; rather, it need only allege facts sufficient to 'state a claim for relief that is plausible on its face.'" *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

3

"Significantly, a complaint may proceed even if 'recovery is very remote and unlikely,' so long as the alleged facts 'raise a right to relief above the speculative level.'" *Littell*, 864 F.3d at 622 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In evaluating the complaint, the Court takes "the well-pleaded factual allegations in the complaint as true" but does "not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

### b. Federal Rule of Civil Procedure 56(a)

Summary judgment is proper where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The moving party bears the initial burden on demonstrating the absence of a genuine issue of material fact." *Carnes Funeral Home, Inc. v. Allstate Ins. Co.*, 509 F. Supp. 3d 908, 915 (S.D. Tex. 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If that burden is met, "the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial." *Id.* (citing FED R. CIV. P. 56(e)). Courts must "construe[] 'all facts and inferences in the light most favorable to the nonmoving party.' Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir.2010)).

### III. Analysis

The Court first considers Defendant's Motion to Dismiss and then Plaintiffs' Motion for Summary Judgment. Given that both dispositive motions turn on substantially similar legal

arguments applied to the same set of operative facts, the Court addresses the claims in an integrated analysis, while applying the distinct standards applicable to each dispositive motion.

### a. Breach of *Stowers* Duty

### 1. Motion to Dismiss

The Court begins with Plaintiffs' claim for breach of *Stowers* duty. Under Texas law, the *Stowers* duty requires an insurer "to exercise ordinary care in the settlement of claims to protect its insureds against judgments in excess of policy limits." *Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 843 n.2 (Tex. 1994) (citing *G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929). The *Stowers* duty is activated by a settlement demand when: (1) the claim against the insured is within the scope of coverage, (2) there is a demand within policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment." *Tex. Farmers Ins. Co. v. Soriano*, 881 S.W.2d 312, 314 (Tex. 1994).

At the pleading stage, Plaintiffs have stated a plausible *Stowers* claim. The First Amended Complaint alleges that (1) Plaintiffs were additional insureds under the Policies with respect to the Milburn Lawsuit, (2) the Milburn Demand was within policy limits, (3) the terms of the Milburn Demand were of such a nature that an ordinarily prudent insurer would have accepted it, considering the likelihood and magnitude of an excess judgment. Doc. #55 at 15–17. Taken as true, these allegations are sufficient to state a claim.

Nevertheless, in the Motion to Dismiss, Defendant argues that Plaintiffs' *Stowers* claim is foreclosed as a matter of law by *Tex. Farmers Ins. Co. v. Soriano*, 881 S.W.2d 312, 314 (Tex. 1994), and its progeny. Doc. #62 at 5–8. In *Soriano*, the Texas Supreme Court held that "when faced with a settlement demand arising out of multiple claims and inadequate proceeds, an insurer

5

may enter into a reasonable settlement with one of the several claimants even though such settlement exhausts or diminishes the proceeds available to satisfy other claims." 881 S.W.2d at 315. This approach "promotes settlement of lawsuits." *Id.*

In *Soriano*, the Texas Supreme Court clarified that exhaustion applies only if no other *Stowers* demand is pending prior to the insurer's acceptance of the first demand and settlement of that claim. *See Soriano*, 881 S.W.2d at 315–16 ("In the absence of any evidence of a demand within policy limits *prior to* the Lopez settlement, Farmers had no duty to settle the Medinas' claims.") (emphasis added). Accordingly, the Court does not read *Soriano* as conclusively resolving the circumstances in this case. Here, Plaintiffs allege that the Millburn Demand satisfied the *Stowers* criteria and was presented *before* Defendant officially accepted the Perez Demand. Under these facts, Defendant was confronted with competing, contemporaneous demands. Thus, the scenario presented here was not squarely addressed in *Soriano*.

Nor does *Travelers Indemnity Co. v. Citgo Petroleum Corp.*, 166 F.3d 761, 769 (5th Cir.1999) compel dismissal. In *Citgo*, the Fifth Circuit applied *Soriano* to hold that an insurer is not subject to liability for proceeding with a "reasonable settlement," even if doing so eliminates coverage for another co-insured, where no *Stowers* demand had been made on behalf of the latter. 166 F.3d at 768. The *Citgo* court expressly declined to address situations involving "multiple and concurrent outstanding separate *Stowers* demands as to different insureds where the demands in total exceed the policy limits." *Id.* at 768 n.7. That reservation underscores that *Citgo* did not purport to resolve the precise issue presented here.

Finally, *Pride Transportation. v. Continental Casualty. Co.*, 511 F. App'x 347 (5th Cir. 2013) does not compel dismissal. In *Pride*, the insurer accepted the settlement demand that was actually presented, and the non-settling insured did not identify a separate, viable within-limits

demand that the insurer had rejected. *Id.* at 351. Here, by contrast, Plaintiffs allege that Defendant was presented with the separate, valid, within-limits Millburn Demand and proceeded to reject the Milburn Demand in favor of the Perez Demand. Doc. #55 at 16. At this stage, the Court cannot conclude that *Pride* forecloses such a claim.

Finally, Defendant argues that Plaintiffs have not alleged recoverable *Stowers* damages because the Millburn Lawsuit ultimately settled for the same amount as the Millburn Demand. Doc. #62 at 11–14. In Defendant's view, that means its conduct did not result in an excess verdict or settlement. *Id.* at 12. A *Stowers* claim requires that the insured be exposed to liability beyond policy limits. *See In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 267–68 (Tex. 2021) (applying *Stowers* only to those situations when "the insured's liability exceeds policy limits"). *In re Farmers* makes clear that this includes amounts paid in settlement. 621 S.W.3d at 267. Here, Plaintiffs allege that Defendant rejected a valid *Stowers* demand, exhausted the limits of the Policies, and left Plaintiffs to pay the remaining portion of the Millburn settlement out of pocket. Doc. #55 at 16–17. This is an allegation of liability beyond the available limits. Accordingly, the Court concludes that Plaintiffs have plausibly alleged a *Stowers* violation. Defendant's Motion to Dismiss is denied as to Plaintiffs' *Stowers* claim.

### 2. Motion for Summary Judgment

The Court next turns to whether the summary judgment record establishes liability as a matter of law. Plaintiffs argue that summary judgment is warranted because the record establishes that Defendant failed to accept a settlement demand that satisfied the *Stowers* standard. Doc. #59 at 9–19. Defendant counters that Plaintiffs' Motion for Summary Judgment is premature. Doc. #66 at 6. Defendant argues that the parties have not exchanged discovery, the Rule 16 scheduling conference has not been held, and a scheduling order has not yet been entered. *Id* at 7.

7

The Court agrees with Defendant.  At this stage in the case, there has been no opportunity for the parties to test their factual assertions through dispositions, expert analysis, or a more complete evidentiary record.  The reasonableness of an insurer's conduct in this context is fact-intensive and often depends on industry standards, expert testimony, and evaluation of the litigation risk. *See e.g., Endurance Am. Ins. Co. v. Lloyd's Syndicate 3624*, No. 3:23-CV-0133-B, 2024 WL 3625671, at *5 (N.D. Tex. July 31, 2024).  Those issues are not susceptible to resolution on the limited record presently before the Court.

The Court acknowledges that Federal Rule of Civil Procedure 56 does not categorically prohibit summary judgment prior to discovery. *See Fultz v. Collins*, 3 F.3d 440 (5th Cir. 1993). However, the absence of discovery does not eliminate factual disputes in this case, it underscores them.  On this record, Plaintiffs have not met their burden to show that that they are entitled to judgment as a matter of law.  Accordingly, Plaintiffs' Motion for Summary Judgment is denied as to their *Stowers* claim.

### b. Breach of Contract

The Court next turns to Plaintiffs' breach of contract claim.  Plaintiffs allege that Defendant breached its contractual obligations by failing to provide coverage for the Millburn settlement. Doc. #55 at 14–15.  Defendant moves to dismiss, arguing that it satisfied its obligations under the Policies by paying the remaining available limits after exhausting the excess coverage through the Perez settlement.  Doc. #62 at 15–16.  Under Texas law, a plaintiff bringing a breach of contract action must allege (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) the defendant breached the contract; and (4) damages as a result of the breach. *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

8

Here, Plaintiffs allege that Defendant issued Policies under which they qualified as additional insureds, that the Millburn Demand fell within the scope of coverage, and that Defendant failed to provide the coverage owed for the Millburn settlement. Doc. #55 at 14–15. Plaintiffs further allege that they incurred out-of-pocket losses as a result. *Id.* at 15. At the pleading stage, Plaintiffs have adequately stated a claim for breach of contract.

Defendant's contrary position depends on its assertion that it lawfully exhausted the available policy limits through the Perez settlement and therefore had no remaining contractual obligation beyond the $1 million paid toward the Millburn settlement. Doc. #62 at 16. Defendant's position turns on the same legal and factual premises underlying the *Stowers* claim, specifically whether Defendant's handling of the competing settlement demands was consistent with Texas law. *See id.* At this stage, the Court cannot conclude that exhaustion of the policy limits bars Plaintiff's breach of contract claim or that either party is entitled to judgment as a matter of law. Whether Defendant breached its contractual obligations depends on unresolved questions regarding the propriety of Defendant's decision to exhaust policy limits through the Perez settlement. Those issues are intertwined with disputed facts and cannot be resolved on the current record. Accordingly, Defendant's Motion to Dismiss and Plaintiff's Motion for Summary Judgment are both denied as to Plaintiff's breach of contract claim.

### c. Violation of Texas Insurance Code

Plaintiffs also assert claims under Chapter 541 of the Texas Insurance Code. Doc. #55 at 17–19. The Texas Supreme Court has held that a party bringing a claim under Chapter 541 premised on the failure to settle must meet the requirements of a *Stowers* claim. *See Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co.*, 77 S.W.3d 253, 260–62 (Tex. 2002). The Fifth Circuit has likewise held that such statutory claims may proceed alongside *Stowers* claims where they are

based on the same underlying conduct. *See OneBeacon Ins. Co. v. T. Wade Welch & Associates*, 841 F.3d 669, 682 (5th Cir. 2016). Plaintiffs allege that Defendant failed to settle a claim that allegedly satisfied the *Stowers* standard and misrepresented its obligations in declining to do so. Doc. #55 at 17–19. At the pleading stage, Plaintiffs' statutory claims are sufficient. Because the Court has already concluded that Plaintiffs have plausibly alleged a *Stowers* violation, those same allegations support a viable claim under Chapter 541. *See OneBeacon*, 841 F.3d at 682 (noting that the Texas Supreme Court has held that a party bringing a claim under Chapter 541 premised on its failure to settle must meet the requirements of a *Stowers* claim). Accordingly, Defendant's Motion to Dismiss is denied as to Plaintiffs' claims under the Texas Insurance Code. Furthermore, summary judgment is not warranted. The viability of Plaintiffs' claims under the Texas Insurance Code depends on the same disputed factual and legal issues that govern Plaintiffs' *Stowers* claim. Those issues remain unresolved and cannot be decided as a matter of law on this record.

## IV. Conclusion

In conclusion, Defendant's Motion to Dismiss (Doc. #62) is DENIED, and Plaintiff's Motion for Summary Judgment (Doc. #59) is DENIED. The parties are ORDERED to confer and submit a proposed scheduling order withing fourteen (14) days of this Order.

It is so ORDERED.

**MAR 3 0 2026**

Date

The Honorable Alfred H. Bennett
United States District Judge

10